UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ELIJAH CROSBY,                      :
                                    :
        Plaintiff                   :
                                    :
    v.                              : CIVIL NO. 3:CV-08-0020
                                    :
JOSEPH J. PIAZZA, et al.,           : (Judge Kosik)
                                    :
        Defendants                  :

FILED
SCRANTON
APR 09 2012
MARY E. D'ANDREA
Per_____
DEPUTY CLERK

**MEMORANDUM**

I.  **Background**

Elijah Crosby is an inmate confined at the State Correctional Institution at Coal Township, Pennsylvania. He filed this civil rights action pursuant to 42 U.S.C. § 1983 naming the Pennsylvania Department of Corrections ("DOC") and numerous DOC employees as Defendants. In the complaint, he alleges the violation of his constitutional rights arising out of cell searches and the subsequent misconduct hearings. He also sets forth claims of retaliation and conspiracy. On January 10, 2011, this court issued a Memorandum and Order granting motions to dismiss filed by the Defendants, and closing this case. (Doc. 98.) Crosby thereafter filed an appeal from this court's decision to the United States Court of Appeals for the Third Circuit. On February 29, 2012, the Third Circuit affirmed in part, and vacated in part, this

court's decision of January 10, 2011. (Doc. 131.) The Third Circuit affirmed the dismissal of Crosby's claims for money damages against the Defendants in their official capacities and the dismissal of several Defendants on the basis of lack of personal involvement. The Third Circuit further affirmed the dismissal of Crosby's due process, conspiracy and Fourth Amendment illegal search claims. In addition, the dismissal of Defendant Moraskie was affirmed.

This court's dismissal of Crosby's retaliation claims was vacated and the retaliation claims remanded. Crosby raised two retaliation claims. The first was that Defendants Piazza, Miller, McAnnaney, Kereste and Kerns-Barr issued the second misconduct report against him in retaliation for his having filed an administrative grievance after he was issued the first misconduct. The second claim was that as a result of filing his complaint, he is now required to attend additional treatment programs which will impede his ability to seek parole.

With respect to the first retaliation claim, the Third Circuit opined that the standard applied by this court was "arguably appropriate at the summary judgment stage," but improperly applied to the Defendants' motion to dismiss. Based upon the pleadings, the court found that Crosby had made out a prima facie case of retaliation, and that dismissal of this retaliation claim was inappropriate at said stage of the proceedings.

With respect to the second retaliation claim, this court determined that Crosby

2

had failed to state a retaliation claim because he failed to allege an actual injury, and that because he has no right to parole under Pennsylvania law, his claim was not viable. However, in addressing this claim, the Third Circuit reasoned that the pleadings did not reveal whether Crosby, by his placement in the additional treatment programs, has been significantly impeded from seeking parole, or whether he is subject to only a minor delay. The court further disagreed that the fact that Crosby has no state or federal right to parole means that prison officials may, with impunity, impede his eligibility to seek parole in retaliation for his filing suit against them. With this said, the Third Circuit suggests that Crosby be granted leave to amend his complaint to clarify the impact that his enrollment in these programs has on his ability to seek parole. Against this procedural background, Crosby filed a motion in this court on March 7, 2012 seeking an extension of time to amend his complaint (Doc. 132) and a motion for leave to file a supplemental complaint (Doc. 134).

## II. Discussion

In accordance with the mandate of the Third Circuit, the court will direct the Clerk of Court to reopen this case. Crosby will be granted thirty (30) days within which to file an amended complaint in this action within the strict confines of the Third Circuit's mandate.[1] (Doc. 137.) Crosby is advised that the "amended complaint

---

[1] His request for a period of ninety (90) days within which to file his amended complaint will be denied (Doc. 132.) However, a period of thirty (30) days to submit an amended complaint will be afforded. The scope of the amendment permissible is

3

must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The amended complaint submitted is to contain only the two retaliation claims as set forth in the original/supplemental complaint. The only additional allegations permitted are with respect to Crosby's clarification as to the second retaliation claim and his description of the impact that his enrollment in the treatment programs has had on his ability to seek parole. Any claims asserted outside of the limitations of the Third Circuit's mandate will be stricken from the complaint.

To the extent Crosby now also wishes to file another supplement to his complaint to set forth new claims against Defendants allegedly occurring since the filing of the original complaint, his motion will be denied for all of the reasons set forth by Defendants in their brief in opposition to Crosby's motion. (Doc. 136.) It is within the sound discretion of this court whether to permit Crosby to file a supplemental pleading. See Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988). Clearly, allowing him to do so at this juncture in the case would not only fail to promote the justicable disposition of this matter, but would also prejudice the Defendants. This action was filed on January 3, 2008. Crosby has previously supplemented his complaint. Any further supplemental complaint would result in

---

very limited, and the facts necessary to do so are within Crosby's knowledge.

serious delay, particularly if he seeks to add new Defendants, and there is no reason why Crosby cannot pursue his new claims in a separate action if he so desires. For these reasons, his motion to file a supplemental complaint will be denied. An appropriate order follows.