FILED
SCRANTON
MAR 1 7 2016
Per_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ELIJAH CROSBY,

    Plaintiff,

v.

JOSEPH PIAZZA, et al.,

    Defendants.

Civil Action No. 3:08-CV-20

(Judge Kosik)

## MEMORANDUM

Before this Court are Plaintiff's Objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson. For the reasons which follow, we will adopt the R&R of the Magistrate Judge, grant Defendants' Motion for Summary Judgment, and deny as moot, Plaintiff's motion for an injunction.

### I. BACKGROUND

Elijah Crosby, currently released from incarceration, filed this instant civil rights action pursuant to 42 U.S.C. § 1983. This case is before us upon remand from the United States Court of Appeals for the Third Circuit, on two of Plaintiff's retaliation claims that arose while housed at SCI-Coal Township and SCI-Fayette. See Crosby v. Piazza, 465 F. App'x 168 (3d Cir. 2012). The first claim involves an allegation that the SCI-Coal Township Defendants, Defendants Piazza, Miller, McAnnaney, Kerestes, and Kerns-Barr, issued a second misconduct against Crosby in retaliation for Crosby filing a grievance that concerned a prior misconduct. The second claim involves an allegation that SCI-Fayette Defendants, Defendants Coleman, Lackey and Mann, required Plaintiff to attend additional treatment programs, and then dismissed

Plaintiff from one program, which impeded his ability to seek parole, in retaliation for filing this civil lawsuit. The Third Circuit remanded the first claim, because the standard we used was more appropriate for a summary judgment motion. The Third Circuit remanded the second claim to afford the Plaintiff an opportunity to clarify the impact that his enrollment in the programs had on his ability to seek parole. The Third Circuit also directed us to address Plaintiff's motion for an injunction (Doc. 96).

Upon filing an amended complaint (Doc. 185), Plaintiff filed requests for production of documents (Docs. 189-191). On January 21, 2016, Defendants filed a Motion for Summary Judgment (Doc. 194) and supporting documents (Docs. 195-97). Plaintiff filed a brief in opposition and affidavit, on April 3, 2015 (Docs. 201-02). On September 29, 2015, Magistrate Judge Martin C. Carlson issued an R&R, recommending that Defendants' motion be granted (Doc. 203). Plaintiff filed Objections to the R&R (Doc. 207), on January 4, 2016.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence with which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing Anderson, 477 U.S. at 248). A factual dispute is "material" if it might affect the outcome of the case. Id. In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the non-moving party. Skerski v. Time Warner Cable Co., 257 F.3d 273,

278 (3d Cir. 2001); White v. Westinghouse Elec, Co., 862 F.2d 56, 59 (3d Cir. 1988).

When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

### III. DISCUSSION

The Magistrate Judge found that both of Plaintiff's retaliation claims fail on the merits. The Magistrate Judge found that there was substantial evidence tied to the infraction Plaintiff received on October 5, 2006, which is the basis of his first retaliation claim. The Magistrate Judge found that there was both physical evidence and eyewitness information by a previously reliable informant that linked Plaintiff to drug possession and sales inside the institution. The Magistrate Judge found that, as to the second retaliation claim, placement into the drug treatment program and sex offender program, and the subsequent removal from the sex offender program, were rationally related to legitimate correction goals. The Magistrate Judge also found that Plaintiff failed to exhaust his administrative remedies.

Plaintiff makes several objections to the Magistrate Judge's R&R. As to the first retaliation claim, Plaintiff objects to the Magistrate Judge's finding that there was evidence tied to Misconduct A755574, which is the misconduct issued for possession of a chemical powder

3

described as a LSD/PSP type drug, commonly referred to as "Special K." As to the second retaliation claim, Plaintiff also objects to the Magistrate Judge's finding that Plaintiff refused to participate in any of the programs, and to the finding that Plaintiff failed to exhaust his administrative remedies. Plaintiff objects to the R&R in whole, because there are outstanding discovery requests that have not been resolved.

In Plaintiff's first retaliation claim, he argues that Misconduct A755574 was issued by the SCI-Coal Township Defendants, in retaliation for a grievance that he filed as a result of Misconduct A757120. On September 30, 2006, Plaintiff received Misconduct A757120, after the Security Office searched his cell and found large quantities of commissary items in his cell that Plaintiff did not purchase from the commissary. On October 3, 2006, the hearing examiner conducted a hearing on Misconduct A757120, and the Plaintiff was found guilty.

On October 3, 2006, Plaintiff declared by affidavit, that he filed a grievance concerning the handling of the hearing for Misconduct A757120. (Doc. 202, Aff., at ¶ 6.) Two days later on October 5, 2006, Plaintiff received Misconduct A755574, after the Security Office received information from a previously reliable informant that Plaintiff was in possession of "Special K." The Security Office conducted a search on Plaintiff's cell on September 29, 2006, and found an ounce of a powdered substance that was later confirmed as "Special K" in his cell, confirming the informant's information. Plaintiff asserts that Misconduct A755574 is false and was issued in retaliation for him filing a grievance about the previous misconduct.

In the seminal Third Circuit case, Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001), the Third Circuit Court of Appeals set forth three requirements that a prisoner-plaintiff must establish to state a *prima facie* claim of retaliation: (1) "the conduct which led to the alleged retaliation was

4

constitutionally protected[;]" (2) "he suffered some 'adverse action' at the hands of the prison officials[;]" and (3) "his exercise of a constitutional right was a substantial or motivating factor in the challenged decision." Rauser, 241 F.3d 330 at 333-34 (citing Thaddeus-X v. Blatter, 175 F.3d 378, 386, 399 (6th Cir. 1999) (*en banc*); Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). A retaliatory discipline claim fails though, if there is "some evidence" that the prisoner committed the charged violation. See Henderson v. Baird, 29 F.3d 464, 469 (9th Cir. 1994), see also Nifas v. Beard, 374 F. App'x 241, 244 (3d Cir. 2010).

Here, the Magistrate Judge found that there was "some evidence" that Plaintiff possessed "Special K," which was the subject of Misconduct A755574. We agree. The "some evidence" presented at Plaintiff's misconduct hearing included information from a reliable informant, who was an eyewitness to Plaintiff possessing a powdered substance. The informant saw Plaintiff showing the drug to other inmates and selling the drug. As a result of the informant's information, security officials searched Plaintiff's cell and found a powdered substance that later tested positive for LSD. This evidence supported a finding of guilt at the disciplinary hearing and is "some evidence" that causes Plaintiff's retaliation claim to fail. See Henderson, 29 F.3d at 469.

Plaintiff's second retaliation claim is against SCI-Fayette Defendants, Defendants Coleman, Lackey and Mann. In Plaintiff's second retaliation claim, he argues that as a result of filing this civil action, SCI-Fayette Defendants required him to attend additional treatment programs, which impeded his ability to seek parole. The Third Circuit remanded this claim to afford Plaintiff an opportunity to clarify the impact that his enrollment in the programs had on his ability to seek parole. The Magistrate Judge found that Plaintiff failed to exhaust his

5

administrative remedies as to this claim and that it failed on its merits.

Plaintiff alleges that upon being transferred to SCI-Fayette, no treatment was recommended. Plaintiff alleges that it was not until SCI-Fayette Defendants learned of this civil rights action and of Plaintiff's upcoming interview with the Pennsylvania Board of Probation and Parole ("PBPP"), did they contact SCI-Coal Township and determine that additional programs were needed. Plaintiff alleges that he was placed in the Therapeutic Community, which he described as the most intensive drug/alcohol program available, and in the Sex Offender High Intensity Program ("SOP"), a two-year program. Plaintiff asserts that as a result of this additional programming, he was given a one-year setback by the PBPP to complete the programs.

In their motion for summary judgment, Defendants assert that Plaintiff failed to exhaust his administrative remedies with regard to any of the programming decisions, as outlined in DC-ADM 804. The Department of Corrections' policies provide for a three-tiered grievance process: Step 1 - facility grievance coordinator; Step 2 - internal appeal to the Superintendent; and Step 3 - final review by the Secretary's Office of Inmate Grievance Appeals ("SOIGA"). A prisoner must exhaust all "available" administrative remedies prior to initiating a Section 1983 action. 42 U.S.C. § 1997(e). Exhaustion must be done properly, meaning an inmate must follow procedural rules, including deadlines, so the merits of the grievance are considered. See Woodford v. Ngo, 548 U.S. 81, 90 (2006).

Plaintiff filed a grievance concerning his placement into the Therapeutic Community program through to Step 2. At Step 2, the Superintendent noted that the Therapeutic Community program was replaced with Outpatient Programming, since SCI-Coal Township confirmed that there was no evidence Plaintiff used the drugs found in his possession. Plaintiff never appealed

to the SOIGA, and therefore did not complete the grievance process.

Plaintiff also filed a grievance based on his removal from the SOP, which he says was in retaliation for adding Coleman, Mann and Lackey to his pending civil action. Plaintiff alleged in his grievance that the stated reason for his removal was that he failed to complete his homework and would not admit to his offense. The Grievance Officer denied his grievance, and Plaintiff appealed that denial to the Superintendent. The Superintendent then dismissed the appeal, because the appeal did not comply with the mandates of the DC-ADM 804. The SOIGA has no record of ever receiving a final appeal of this grievance. Therefore, we agree with the Magistrate Judge that Plaintiff did not exhaust his administrative remedies as to his grievances concerning the Therapeutic Community and SOP placement, in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).[1] We also agree with the Magistrate Judge that Plaintiff does not meet the exception to the exhaustion requirement, because there is no showing that prison officials directly caused Plaintiff's procedural default.

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff refused to participate in the SOP. The Magistrate Judge stated that Plaintiff cannot refuse to participate in the SOP and then claim that removal from the program was retaliatory. We find that the Magistrate Judge's finding that Plaintiff refused to participate in the SOP was based on Plaintiff's refusal to acknowledge responsibility for his offense, for not completing his homework, and his "oppositional, aggressive, and argumentative behavior."

The Magistrate Judge also found that Plaintiff's second retaliation claim fails on its

---

[1] We note that Plaintiff also appears to be arguing that his placement into the SOP was done in retaliation, but Plaintiff never filed a grievance on this position.

merits. We agree with the Magistrate Judge and find that Plaintiff's placement into the drug treatment programs and removal from the SOP were rationally related to legitimate correctional goals. In a disciplinary retaliation claim, a "prison official may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 333. With deference given to the prison officials and to the Department of Corrections' policies, it was reasonably related to a legitimate penological interest, to enroll Plaintiff in a drug treatment program following his drug possession misconduct. It was also reasonably related to a legitimate penological interest to remove Plaintiff from the SOP after he was aggressive and argumentative, failed to acknowledge responsibility for his offense, and failed to turn in homework. We agree with the Magistrate Judge that Plaintiff's second retaliation claim also fails on its merits.

Plaintiff objects to the R&R as a whole and argues that the Defendants' Motion for Summary Judgment should not be considered, because Plaintiff's discovery requests have not been met (Docs. 189-91). Plaintiff submitted an affidavit with his brief in opposition to Defendants' motion, and we find that further discovery on the two retaliation claims would not change our conclusions.

## IV. CONCLUSION

For the reasons set forth above, we will adopt the Magistrate Judge's recommendation and will grant Defendants' Motion for Summary Judgment. We will deny as moot, Plaintiff's request for a temporary restraining order and injunction, as Plaintiff is no longer housed at SCI-Coal Township and has been released from prison. An appropriate order is attached.